IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                Case Nos.:    1:11cr17/MP/GRJ
                                                 1:13cv255/MP/GRJ
CHARLES CALVIN FOSTER,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's third amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody."   (ECF No. 83.) The Government has filed a response (ECF No. 146) and Petitioner has filed a reply. (ECF No. 150.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a careful review of the record and the arguments presented, the court concludes that Petitioner's motion should be denied.

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

# BACKGROUND

Petitioner Charles Calvin Foster was charged on May 17, 2011 in a two-count indictment with possessing a rifle and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One) and possession of an unspecified amount of marijuana with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(D) (Count Two).   (ECF No. 1.)   On July 28, 2011, the Government filed an information and notice of prior convictions indicating that Petitioner previously had been convicted of one count of sale of cocaine and one count of purchase of cocaine. (ECF No. 20.)

On August 24, 2011, Petitioner entered into a written plea agreement through which he admitted his guilt to the offense in question, and acknowledged that he knew he faced a mandatory minimum term of fifteen years imprisonment. (*See* ECF Nos. 24, 25, 70.) The Factual Basis for the Plea stated that law enforcement had observed multiple vehicles visiting Petitioner's residence for short periods of time, consistent with drug

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

transactions. (ECF No. 25.) Several vehicles were stopped after leaving the residence and marijuana was recovered. The occupants of the vehicles identified Petitioner and his daughter as the source of the marijuana. Officers executed a search warrant at the residence and found a firearm in his daughter's bedroom, and other items including marijuana, cash and digital scales in the house. Officers learned that a third party had sold the firearm to Petitioner for $550. Post-Miranda, Petitioner admitted knowledge of the firearm and ammunition and admitted selling marijuana with the assistance of family members. (ECF No. 25.)

Petitioner's Second Final Presentence Investigation Report ("PSR") set his base offense level at 26 pursuant to U.S.S.G. § 2K2.1, and added a four level adjustment because the possession of the firearm was in conjunction with another felony offense. (ECF No. 40, PSR ¶¶ 22, 23.) Petitioner was subject to an enhanced penalty under the Armed Career Criminal Act ("ACCA") and thus his offense level with the applicable Chapter Four enhancement was 34. (PSR ¶ 28.) The PSR did not specify the offenses used to support the ACCA enhancement. Petitioner's total offense level after an adjustment for acceptance of responsibility was 31.

(PSR ¶ 30.) Petitioner's criminal history category was VI, and the applicable guidelines range was 188 to 235 months. (PSR ¶¶ 55, 107.) The Government filed a motion concerning his substantial assistance. (ECF No. 44.)

The court sentenced Petitioner to a term of 150 months in prison, to be followed by a five year term of supervised release. (ECF Nos. 51, 62, 66.)   He appealed, challenging the district court's use of his two prior convictions for resisting an officer with violence as ACCA predicates. The Eleventh Circuit affirmed. (ECF No. 75); United States v. Foster, 496 F. App'x 1 (11th Cir. 2012). The appellate court specifically found that a violation of section 843.01, Florida Statutes, constitutes a violent felony under both the elements clause and the residual clause of the ACCA. (ECF No. 75 at 6.)

Petitioner timely filed his original motion to vacate (ECF No. 77), and it is his third amended motion that is currently pending before the court. Petitioner raises five claims of ineffective assistance of counsel, as well as a claim that he is actually innocent of the ACCA enhancement.

## ANALYSIS

**General Legal Standards**

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.    A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.    *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"    Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   Nyhuis, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.   Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657

F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal

when its merits can be reviewed without further factual development."

Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a

showing that the ground of error was unavailable on direct appeal, a court

may not consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2)

actual prejudice resulting from the alleged error, that is, alternatively, that

he is "actually innocent."   Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at

622 (citations omitted).   To show cause for procedural default, a defendant

must show that "some objective factor external to the defense prevented

[him] or his counsel from raising his claims on direct appeal and that this

factor cannot be fairly attributable to [defendant's] own conduct."   Lynn,

365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel

can constitute cause.   *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.   Massaro v.

United States, 538 U.S. 500, 503 (2003); *see also* United States v.

Franklin, 694 F.3d, 1, 8 (11th Cir. 2012); United States v. Campo, Case 14-

15541; 2016 WL 6518520 n.5 (11th Cir. Nov. 1, 2016).   In order to prevail

on a constitutional claim of ineffective assistance of counsel, a defendant

must demonstrate both that counsel's performance was below an objective

and reasonable professional norm and that he was prejudiced by this

inadequacy.   Strickland v. Washington, 466 U.S. 668, 686 (1984);

Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708

F.3d 1225, 1228 (11th Cir. 2013).   In applying Strickland, the court may

dispose of an ineffective assistance claim if a defendant fails to carry his

burden on either of the two prongs.   Strickland, 466 U.S. at 697; Brown v.

United States, 720 F.3d 1316, 1326 (11th Cir. 2013); Holladay v. Haley,

209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the

performance prong if the defendant cannot meet the prejudice prong, or

vice versa.").

In determining whether counsel's performance was deficient, this

court must, with much deference, consider "whether counsel's assistance

was reasonable considering all the circumstances."   Strickland, 466 U.S.

at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099

(11th Cir. 2007).    Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").    Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   Strickland, 466 U.S. at 689.    To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.    When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   Chandler, 218 F.3d at 1316 n.18.

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   Strickland, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   Glover v. United States, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is

not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.   *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   Chandler, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense

counsel acted.   <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v. Moore</u>, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   <u>United States v. Morrow</u>, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); Rosin v. United States, 786 F.3d 873, 877 (11th Cir.

2015); Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).

Not every claim of ineffective assistance of counsel warrants an evidentiary

hearing.   Gordon, 518 F.3d at 1301 (citing Vick v. United States, 730 F.2d

707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must

allege facts that, if true would prove he is entitled to relief.   *See* Hernandez

v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not

required on frivolous claims, conclusory allegations unsupported by

specifics, or contentions that are wholly unsupported by the record.   *See*

Winthrop–Redin v. United States, 767 F .3d 1210, 1216 (11th Cir. 2014)

(explaining that "a district court need not hold a hearing if the allegations [in

a § 2255 motion] are ... based upon unsupported generalizations") (internal

quotation marks omitted); Peoples v. Campbell, 377 F.3d 1208, 1237 (11th

Cir. 2004).   Even affidavits that amount to nothing more than conclusory

allegations do not warrant a hearing.   Lynn, 365 F.3d at 1239.   Finally,

disputes involving purely legal issues can be resolved by the court without

a hearing.

### *Petitioner's claims*

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

### 1.   <u>Failure to Investigate Prior Convictions</u>

Petitioner first contends that defense counsel failed to adequately investigate the prior convictions used to support the ACCA enhancement. He claims that neither of the two prior convictions for resisting arrest with violence were proper predicate offenses, and alternatively that because two offenses were consolidated for sentencing and resulted in concurrent sentences, they should be counted as only one offense. Neither argument has merit.

Petitioner's argument with respect the resisting arrest with violence claims is procedurally barred. As discussed above, on direct appeal, the Eleventh Circuit rejected Petitioner's challenge to the use of these two convictions as ACCA predicates, and Petitioner is bound by that determination. (ECF No. 75 at 4-6.) Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted).

Furthermore, despite Petitioner's suggestion in his supplemental brief, the Eleventh Circuit's conclusion that his convictions for resisting

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

arrest with violence are crimes of violence was not affected by the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015).

The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   In Johnson, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.   Johnson, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   The Eleventh Circuit noted on direct appeal in Petitioner's case that his prior convictions for resisting arrest with violence were violent offenses under both the residual clause and the elements clause. (ECF No. 75 at 5-6.) And, even post-Johnson, the Eleventh Circuit has specifically found that a conviction

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

for resisting an officer with violence "categorically qualifies as a violent felony under the elements clause of the ACCA." United States v. Hill, 799 F.3d 1318, 1321-1323 (11th Cir. 2015).

Petitioner's 1988 conviction for sale of crack cocaine to a confidential source was also properly counted as a predicate offense.   A violation of Florida Statute § 893.13(1) is both a "serious drug offense" in accordance with 18 U.S.C. § 924(e) (2)(A), and a "controlled substance offense," in accordance with U.S.S.G. § 4B1.2(b).   United States v. Smith, 775 F.3d 1262 (11th Cir. 2014).   There was no legal basis for counsel to object to the consideration of Petitioner's 1988 conviction for sale of cocaine as an ACCA predicate.

Finally, Petitioner's argument that the two 1988 convictions should have been counted as a single predicate is unavailing. Section 924(e)(1) requires that the ACCA predicate offenses be "committed on occasions different from one another."   The drug offense listed in Paragraph 39 of the PSR occurred on February 22, 1988, and the resisting an officer with violence took place on September 23, 1988.   (ECF No. 40, PSR ¶¶ 39,

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

41.)   It makes no difference that Petitioner was sentenced simultaneously on the two offenses after violating his probation in the former case.

Counsel did not perform deficiently by not challenging the three prior convictions as the basis for the ACCA enhancement, and Petitioner is not entitled to relief.

### 2.   <u>Failure to Move to Dismiss Count One</u>

Petitioner asserts that counsel was constitutionally ineffective because he did not file a motion to suppress and move to dismiss Count One of the indictment.   As Petitioner was advised during the plea colloquy, by pleading guilty he would waive any defense that he had. (ECF No. 70 at 7-8.)   When directly asked by the court, he told the Court that he had no complaints with Mr. Johnson's representation of him. (ECF No. 70 at 22.) Furthermore, Petitioner's guilty plea waives all nonjurisdictional defects in the proceedings, including the right to challenge the validity of the search. *See* <u>United States v. Patti</u>, 337 F.3d 1317, 1320 (11th Cir. 2003) (citations omitted).

In any event, to the extent Petitioner suggests that the firearm should not have been seized because it was outside the scope of the search

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

warrant, he is mistaken. The search warrant specifically authorized the seizure of firearms. (ECF No. 86, Exh. A at 2.) Additionally, both the Factual Basis for the Plea (ECF No. 25) and the PSR establish Petitioner's involvement in the negotiations for and purchase of the firearms, which affirms that he knowingly and intentionally possessed the firearm.

Petitioner also appears to claim that he was not a convicted felon. In light of Petitioner's previous conviction of the same offense in this court in 1996, this claim is spurious. He has not shown that counsel was not constitutionally ineffective.

### 3. Failure to Challenge Base Offense Level

Petitioner asserts that counsel was constitutionally ineffective because he failed to challenge his base offense level of 24. Petitioner's assertion that his base offense level was 24 is incorrect. The PSR reflects that his base offense level was 26, pursuant to U.S.S.G. § 2K2.1 because the weapon was a "semiautomatic firearm that is capable of accepting a large capacity magazine." (ECF No. 40, PSR ¶ 22.) The assigned base offense level was superseded by the base level of 34 which applied due to the Chapter Four enhancement because Petitioner used or possessed the

firearm in connection with a controlled substance offense. (ECF No. 40, PSR ¶ 28.)

Petitioner's suggestion that "404(b) evidence" was used against him is also incorrect. Because he pleaded guilty, there was no trial and no 404(b) evidence was used against him to prove his guilt. The court advised Petitioner at the change of plea proceeding that although Count Two of the indictment (the marijuana charges) would be dismissed, the court was "still required to take all of the facts pertaining to [his] involvement in this case into consideration, including the charge to be dismissed, in determining [the] appropriate sentence." (ECF No. 70 at 13.) Petitioner advised the Court that he understood. There was no basis for counsel to make an objection to the court's consideration of either related conduct or past similar conduct in fashioning an appropriate sentence in this case.

Petitioner asserts that one of the agents executing the search warrant coerced him to admit that the firearm was his and to "take a fall for" his daughter, to whom Petitioner now contends the firearm belonged. This contradicts his sworn statement at the plea hearing, in which he admitted that the facts as set forth in the signed statement of facts was true. (ECF

No. 70 at 14-15.) Petitioner will not now be heard to claim that he has

sworn falsely. A defendant's statements during a Rule 11 colloquy as well

as any findings made by the judge accepting the plea constitute a

formidable barrier in any subsequent collateral proceedings. Blackledge v.

Allison, 431 U.S. 63, 73–74 (1977); Winthrop-Redin v. United States, 767

F.3d 1210 (11th Cir. 2014) (*citing* Blackledge). This is because solemn

declarations made under oath in open court carry a strong presumption of

verity. Blackledge, 431 U.S. at 73–74; Connolly v. United States, 568 F.

App'x 770, 771 (11th Cir. 2014) (*citing* Blackledge); Garces v. U.S. Att'y

Gen., 611 F.3d 1337, 1349 (11th Cir. 2010) (*citing* Blackledge). They are

presumptively trustworthy and are considered conclusive absent

compelling evidence showing otherwise; the subsequent presentation of

conclusory and contradictory allegations does not suffice. Blackledge, 431

U.S. at 73–74; Winthrop-Redin, 767 F.3d at 1216. In fact, such allegations

are subject to summary dismissal. Winthrop-Redin, 767 F.3d at 1216

(*citing* Blackledge, 431 U.S. at 74). A defendant "bears a heavy burden to

show his statements [under oath] were false." United States v. Rogers,

848 F.2d 166, 168 (11th Cir. 1988); United States v. Green, 275 F. App'x

941 (11th Cir. 2008); <u>United States v. Cardenas</u>, 230 F. App'x. 933 (11th

Cir. 2007).   "[I]f the Rule 11 plea taking procedure is careful and detailed,

the defendant will not later be heard to contend that he swore falsely."

<u>United States v. Stitzer</u>, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting

<u>United States v. Barrett</u>, 514 F.2d 1241, 1243 (5th Cir. 1975)).   There is no

basis for relief in this case.

### 4.   <u>Ineffective Assistance of Counsel at Sentencing</u>

Petitioner's fourth claim is also related to the application of the ACCA

enhancement. Petitioner contends that counsel was constitutionally

ineffective because he did not object to the armed career criminal

designation, citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and

<u>Blakely v. Washington</u>, 542 U.S. 296 (2005), which are inapposite here.

Counsel did object to Petitioner's classification as an armed career

criminal, recognizing that binding circuit precedent foreclosed his claim.

(ECF No. 66 at 2-3.)

Petitioner's argument that counsel was ineffective for not arguing that

one of the ACCA predicates was not a felony because he only served 10

months of a 30 month sentence also has no merit. Regardless of the time

actually served, an offense is designated as a felony if it is punishable by a sentence of more than one year.   *See* 18 U.S.C. 3581(b); 21 U.S.C. § 802(44); 18 U.S.C. § 924(e)(2)(B).   The fact that a 30 month sentence was imposed in Petitioner's case is alone sufficient to establish that the crime was a felony.

Petitioner's reiteration of arguments previously raised regarding the propriety of considering his past offenses as ACCA predicates continue to be without merit. His argument that he possessed the firearm for only a few hours, and therefore his actions were not "in the heartland of those the law was designed to punish and deter" could have been raised in Petitioner's own statement to the sentencing court. (ECF No. 23-24.)[1] Indeed counsel stated in addressing the court that it did not appear that Petitioner possessed the firearm for any prolonged period of time, or for very long before the search was executed. (ECF No. 66 at 10.). As such, Petitioner has not shown that counsel was constitutionally ineffective.

---

[1]  The eloquence of Petitioner's statement to the court resulted in the court reducing his sentence 30 months below the 180 month sentence initially imposed.   (*See* ECF No. 66 at 25; ECF No. 49).
Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

### 5.  Failure to Challenge Prior Felony Convictions

Again, Petitioner contends that counsel was constitutionally ineffective because he did not challenge the use of his prior convictions for resisting with violence and sale of cocaine as ACCA predicates. Petitioner's assertions have no merit for the reasons discussed above and therefore, Petitioner is not entitled to relief on this claim.

### 6.  Actual Innocence

Petitioner's last claim for relief is that he is actually innocent of the ACCA enhancement.   As discussed above, this claim is factually and legally deficient and therefore Petitioner is not entitled to relief.

### Conclusion

For all of the foregoing reasons, the Court concludes that Petitioner has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Petitioner's motion should be denied in its entirety.

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The third amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 83) should be **DENIED**.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of November 2016.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos. 1:11cr17/MP/GRJ; 1:13cv255/MP/GRJ